**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4325**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

BENJAMIN WEATHERLY,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.   Anthony John Trenga, District Judge. (1:12-cr-00477-AJT-2)

———————

Submitted:  October 31, 2013          Decided:  November 7, 2013

———————

Before MOTZ, KING, and WYNN, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Edwin S. Booth, SHUTTLEWORTH, RULOFF, SWAIN, HADDAD & MORECOCK, PC, Virginia Beach, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Maya D. Song, Kosta S. Stojilkovic, Assistant United States Attorneys, Alexandria, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Benjamin Weatherly seeks to appeal the 120-month sentence imposed after he pled guilty, pursuant to a plea agreement, to one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. §§ 1344, 1349 (2012), and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (2012). On appeal, Weatherly argues that the Government breached the plea agreement by arguing in support of an enhancement of his offense level for use of sophisticated means, pursuant to U.S. Sentencing Guidelines Manual (USSG) § 2B1.1(b)(10)(C) (2012). The Government responds that it did not breach the plea agreement, and that Weatherly's appeal should be dismissed based on the waiver of appellate rights included in the plea agreement.

The plea agreement included the parties' agreement regarding the base offense level and enhancements for intended loss, number of victims, and obstruction of justice. The agreement further noted that the parties would litigate the applicability of a two-level enhancement for a leadership role pursuant to USSG § 3B1.1, but did not mention the applicability of an enhancement for sophisticated means or any other Guidelines provisions. In the presentence investigation report, the probation officer recommended the base offense level and

2

enhancements recommended in the plea agreement, and also recommended enhancements for use of sophisticated means, possession or use of an authentication device, and leadership role. USSG §§ 2B1.1(b)(10)(C), 2B1.1(b)(11)(A), 3B1.1(b). Weatherly objected to essentially the entire offense level calculation. The Government agreed that the enhancement for an authentication device should not apply, but requested a sentence within the Guidelines range determined after deleting that enhancement. The district court sustained Weatherly's objection to the authentication device enhancement, overruled his other objections, and sentenced Weatherly to ninety-six months of imprisonment on the conspiracy count and twenty-four months consecutive on the identity theft count, for a total sentence of 120 months of imprisonment.

On appeal, Weatherly argues that the plea agreement contemplated all Guidelines provisions and enhancements, and because it did not mention an enhancement for use of sophisticated means, the Government breached the agreement by arguing in support of the enhancement. Because Weatherly did not assert before the district court that the Government breached the plea agreement, this court's review is for plain error. Puckett v. United States, 556 U.S. 129, 133-34 (2009) (holding Fed. R. Crim. P. 52(b) plain error rule applies to

3

claim of breach of plea agreement). Accordingly, Weatherly must show not only that the Government plainly breached his plea agreement, but also that he was prejudiced by the error and that "the breach was so obvious and substantial that failure to notice and correct it affect[s] the fairness, integrity or public reputation of the judicial proceedings." United States v. McQueen, 108 F.3d 64, 66 (4th Cir. 1997) (internal quotation marks and alteration omitted).

"The interpretation of plea agreements is guided by contract law, and parties to the agreement should receive the benefit of their bargain." Id. This court "appl[ies] the plain meaning of the agreement's terms with the goal of providing each party the benefit of its bargain." United States v. Weon, 722 F.3d 583, 588 (4th Cir. 2013). The Government breaches a plea agreement when a promise it made to induce the plea remains unfulfilled. Santobello v. New York, 404 U.S. 257, 262 (1971). But, "the government is held only to those promises that it actually made, and the government's duty in carrying out its obligations under a plea agreement is no greater than that of fidelity to the agreement." United States v. Dawson, 587 F.3d 640, 645 (4th Cir. 2009) (internal quotation marks and citation omitted); see also United States v. Davis, 689 F.3d 349, 353 (4th Cir. 2012) ("Davis's claim for breach fails insofar as he

4

seeks the benefit of a promise that the government never made.").

Our review of the record leads us to conclude that the Government did not breach the plea agreement. The section of the agreement containing the Guidelines recommendations specifically referred to the provision in Rule 11 regarding nonbinding sentence recommendations. Fed. R. Crim. P. 11(c)(1)(B). Further, the agreement contained no language precluding the parties from arguing the applicability of other Guidelines provisions that might be recommended by the probation officer. Finally, the agreement stated that it was the entire agreement between the parties and that "[a]ny modification of this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties."

When the government seeks to enforce an appeal waiver and did not breach its obligations under the plea agreement, the court will enforce the waiver if the defendant's waiver was knowing and intelligent and the issues raised on appeal fall within the scope of the agreement. United States v. Blick, 408 F.3d 162, 168-69 (4th Cir. 2005). The waiver in this case provided that Weatherly waived "the right to appeal the conviction and any sentence within the statutory maximum . . .

5

(or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatsoever."

This court reviews the validity of an appellate waiver de novo. United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010). To determine whether an appeal waiver is knowingly and intelligently entered, the court examines the totality of the circumstances, including the defendant's experience, conduct, educational background, and familiarity with the agreement's terms. United States v. General, 278 F.3d 389, 400 (4th Cir. 2002).

In this case, Weatherly does not assert that the appellate waiver was not knowing or intelligent, or that his agreement to the waiver was in any way involuntary. Our review of the plea hearing transcript reveals that the district court confirmed that Weatherly was competent to plead guilty, and that he had discussed the plea agreement with counsel before signing it. The court specifically questioned Weatherly about the appellate waiver and confirmed that he understood he was waiving his right to appeal by entering the agreement. Because the district court sentenced Weatherly within the applicable statutory maximums, and he raises no claim outside the scope of the waiver, it is valid and enforceable.

According, we dismiss Weatherly's appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

7